## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release, dated as of December 4, 2024, is entered into by the parties in *Kevin Johnson v. Virginia Department of Corrections et al.,* Case No. 3:24cv0080, currently pending in the United States District Court for the Eastern District of Virginia. The plaintiff in Case No. 3:24cv0080 is Kevin Johnson ("Plaintiff"). The Defendants in Case No. 3:24cv0080 are the Virginia Department of Corrections (VDOC), Blaha, Bowles, Cabell, Creech, Dotson, Hall, McCoy, Monihan. Robinson, Smith, Trent, Wallace, and White (collectively, "Defendants").

The parties agree as follows:

**1. Dismissal of Case No. 3:24cv0080**: The Plaintiff shall, by and through his attorneys, cause the Complaint filed in the Eastern District of Virginia, Case No. 3:24cv0080, to be voluntarily dismissed, in accordance with the terms of this Agreement.

**2. Interstate Transfer**: VDOC agrees that it shall initiate the process for Plaintiff to be transferred to another state's correctional system pursuant to the Interstate Corrections Compact, Virginia Code § 53.1-216, and in accordance with VDOC Operating Procedure 020.2, *Compact for Interstate Transfer of Incarcerated Offenders.* VDOC will first send a Request to Proposed Receiving State for Approval of Compact Transfer to the State of Oregon, subject to Oregon's acceptance. If Oregon disapproves the interstate transfer request, VDOC will send a Request to Proposed Receiving State for Approval of Compact Transfer to: (1) Washington (state), (2) Maryland, and (3) South Carolina, in that order of preference.

The Plaintiff acknowledges that VDOC cannot guarantee that the Plaintiff will be transferred pursuant to an Interstate Corrections Compact transfer because any such transfer depends upon the receiving state's acceptance of Plaintiff. VDOC is agreeing to initiate the transfer process, as described in this paragraph, and to make meaningful efforts to transfer the Plaintiff pursuant to this Agreement.

The Parties acknowledge that VDOC interstate transfers often may take as long as approximately 90 days, including up to 60 days for VDOC to obtain acceptance of an inmate from the receiving jurisdiction, and up to 30 days following that acceptance for VDOC to make the physical transfer of the inmate. VDOC shall make its best efforts to make the physical interstate transfer of the Plaintiff as early as possible within this time frame.

The Plaintiff acknowledges that the receiving jurisdiction could unilaterally elect to return the Plaintiff to Virginia pursuant to the Interstate Corrections Compact, and that VDOC has no control over whether the receiving jurisdiction does so. The Plaintiff understands that Defendants and VDOC cannot guarantee or control the actions of any state other than Virginia. However, VDOC expressly agrees that it shall not request that the Plaintiff be returned to Virginia from the receiving jurisdiction *(i.e.,* initiate a "retake"), VDOC agrees that, if the receiving jurisdiction returns the Plaintiff to Virginia pursuant to the Interstate Corrections Compact, VDOC shall offer the Plaintiff to another jurisdiction pursuant to the Interstate Corrections Compact.

VDOC agrees that it shall honor the Plaintiff's list of preferential jurisdictions, and shall not explore other, alternative jurisdictions until those listed by the Plaintiff have been fully exhausted. In the event that VDOC is unable to locate any jurisdiction that will accept the Plaintiff via Interstate Transfer, counsel for both parties shall inform the Court of this development and agree to return for any additional negotiations that may be required.

**3. Interim Transfer**: VDOC agrees that, pending his out-of-state transfer, the Plaintiff shall be temporarily housed at Keen Mountain Correctional Center (KMCC), where he will be transitioned into a general population housing unit within 24 hours. He will be provided with access to a VDOC-issued JPay6 Tablet, which he acknowledges will be subject to random inspection and/or search to ensure that it remains in compliance with VDOC policies and procedures. The Plaintiff shall be transferred from Beaumont to KMCC within one week of the date of the execution of this Agreement.

However, VDOC retains the discretion to transfer the Plaintiff from KMCC to another facility, pending his interstate transfer, should he fail to be of good behavior. If VDOC believes that a transfer for security purposes is necessitated pursuant to this paragraph, counsel for the Defendants shall notify counsel for Plaintiff within 24 hours, and in any event prior to initiating a transfer, so that the justification for the transfer can be fully discussed between counsel, and the Court, if so required.

**4. Releases**: The undersigned Parties unconditionally release and discharge each other, their agents, representatives, insurance carriers, attorneys, predecessors-in-interest, successors-in-interest, heirs, assigns and personal representatives, in their individual and representative capacities (collectively, the "Released Parties"), from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, causes of action, rights, costs, losses, debts and expenses of any nature whatsoever, which they ever had or now have by reason of any matter, fact, or cause asserted in Case No. 3:24cv0080. This release does not encompass or affect any separate litigation now pending in state or federal court that has otherwise been initiated by the Plaintiff.

**5. No Admission of Liability**: The Plaintiff acknowledges that this Agreement does not constitute an admission by the Commonwealth of any; (a) liability; (b) violation of any federal, state or local statute, law, regulation, order or other requirement of law; (c) breach of contract, actual or implied; (d) commission of any tort; or (e) other civil wrong.

**6. Virginia Law Applies**: This Agreement shall be deemed to have been made within the Commonwealth of Virginia and shall be interpreted, construed and enforced in accordance with the laws of the Commonwealth of Virginia. This Agreement shall not be construed with a presumption against the Party causing this Agreement to be drafted.

**7. Severability**: If one or more provisions of this Agreement shall be ruled unenforceable or void, the Parties may enforce the remainder of this Agreement.

**8. Non-Waiver**: Failure of either Party to enforce any provision of this Agreement shall not be construed as a waiver of that or any other provision.

15. Plaintiff has been on single cell status since 1993, and is not amenable to double cell housing. The VADOC agrees to continue his single cell status going forward. KJ MKD MN

**9. Voluntary Agreement**: The Plaintiff has had an opportunity to consult with an attorney before signing this Agreement. The Plaintiff acknowledges that, in signing this Agreement, he relied only on the promises set forth in this Agreement and not on any other promise made by the Commonwealth. This Agreement has been entered into freely, knowingly, and voluntarily and not as a result of coercion, duress, or undue influence.

**10. Entire Agreement**: This Agreement constitutes the entire understanding and agreement between the Parties hereto with respect to its subject matter. This Agreement supersedes all other understandings, agreements, communications or negotiations (whether written or oral) between the Parties hereto with respect to such subject matter.

**11. Written Amendment Required**: This Agreement may not be amended, changed or altered, except by a writing signed by the Parties.

**12. Binding Obligations**: This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, assigns, estate, heirs and personal representatives.

**13. Counterparts**: This Agreement may be executed in counterparts, and if so executed each such counterpart shall have the force and effect of an original. A facsimile or copy of an original signature transmitted to the other Party is effective as an original document.

**14. Retention of Jurisdiction**:  The parties authorize their respective counsel to file a Stipulation of Dismissal with prejudice. The Stipulation of Dismissal is to be filed within ten (10) business days of the execution of the final Settlement Agreement. The parties agree that pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the Stipulation of Dismissal will explicitly reserve jurisdiction in this Court to enforce the terms of the parties' final Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the day and year first above written.

Entered:

_____
Kevin Johnson, *Plaintiff*

_____
Mark Krudys
Miriam Nemeth
*Counsel for Plaintiff*

_____
Patricia Wallace
Margaret O'Shea
*Counsel for Defendants*

Executed this the 4th day of December, 2024.