# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| KEVIN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:24-cv-80-HEH |
| ) | |
| VIRGINIA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER
### (Granting Motion to Seal in Part)

THIS MATTER is before the Court on Plaintiff Kevin Johnson's ("Plaintiff") Motion to Seal Pursuant to Local Civil Rule 5 (the "Motion," ECF No 89), filed on December 8, 2024. Pursuant to Local Civil Rule 5(C), Plaintiff provided notice by filing his Notice of the Motion to Seal (ECF No. 91) contemporaneously with the Motion.

Before a court may seal court documents, it must: "(1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives." *Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014) (citing *In re Knight Pub. Co.*, 743 F.2d 231, 234–35 (4th Cir. 1984)). In compliance with Local Civil Rule 5(C) and *Doe*, the Court has provided public notice of the Motion to Seal and the time to respond has passed.

In his Motion to Seal, Plaintiff requests the following documents that were presented during the Court's November 19–20, 2024 hearing be sealed:

(1) Defense Exhibit B: Plaintiff's sentence summary (information in the record, although in a slightly different report, at ECF No. 30-1)

(2) Defense Exhibit C: Plaintiff's disciplinary action report (ECF No. 68-14)

(3) Defense Exhibit F: Plaintiff's disciplinary reports from 2024 (ECF No. 68-15)

(4) Defense Exhibit H: Plaintiff's disciplinary reports from Nottoway Correctional Center

(5) Defense Exhibit J: Plaintiff's disciplinary reports from Sussex I State Prison (dated 2023) (also in the record at ECF No. 13-2)

(6) Defense Exhibit K: Incident Reports corresponding to Plaintiff's incarceration at SISP (dated 2023) (also in the record at ECF No. 13-2)

(7) Defense Exhibit L: Investigative Report 230607 from July 2023

(8) Defense Exhibit N: Plaintiff's disciplinary reports from ROSP (dated 2023) (also in the record at ECF No. 13-3)

(9) Defense Exhibit OO: Plaintiff's Keep Separate Notation (redacted)

(10) Defense Exhibit PP: Incident Reports Detailing Weapons Recovered from ROSP (2024)

(11) Defense Exhibit QQ: Disciplinary Offense Reports Related to Weapons Recovered from ROSP Inmates (2024)

(Mot. at 1–2.) Plaintiff argues his privacy interests weigh in favor of sealing these documents, particularly in light of the parties' settlement of the case. (Pl.'s Mem. in Supp. at 3–4.)

Defendants oppose the Motion to Seal. (Defs.' Resp. in Opp'n, ECF No. 94.) Defendants contend that the materials (1) are directly relevant to the

2

allegations in Plaintiff's Complaint and Motion for Preliminary Injunction, (2) are already a matter of public record, at least for some of the documents, and (3) Plaintiff has waived any legitimate privacy interest by electing to file suit and his subsequent motions.

First, the Court finds it is not necessary to seal Exhibit B. As Defendants point out, the materials are already a matter of public record in *Johnson v. Ray*, 7:10-cv-00415, 2011 WL 1230064 (W.D. Va. Mar. 31, 2011) at ECF No. 10-1. Thus, there is not a viable interest in sealing already publicly available documents.

Exhibit C contains Plaintiff's entire disciplinary record. Plaintiff certainly has a strong interest in maintaining privacy over his disciplinary record spanning the more than thirty years he has been incarcerated. While relevant to aspects of the case, Defendants' Response in Opposition to Plaintiff's Motion for a Preliminary Injunction (ECF No. 68) discusses these infractions at length. With this alternative, the Court finds that Plaintiff's interests are sufficient to warrant sealing Exhibit C.

The remaining Exhibits F, H, J, K, L, N, OO, PP, and QQ are central to the case. While the parties have settled and the Court need not reach the merits of the Complaint or Motion for Preliminary Injunction, when parties "call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Public Citizen*, 749 F.3d at 271 (quoting *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)). The documents are "limited in scope and [remain] central to the issues presented

3

before the Court." *Dale v. FNU Barnes*, No. 1:23CV373, 2024 WL 4416440, at

*12 (M.D.N.C. Oct. 4, 2024).

Accordingly, for the aforementioned reasons, the Motion to Seal (ECF No. 89) is

GRANTED IN PART. Defense Exhibit C, which can be located at ECF No. 68-14, shall

be sealed. The remaining Exhibits shall remain unsealed.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
_____
Henry E. Hudson
Senior United States District Judge

Date: Dec. 20, 2024
Richmond, Virginia