IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEVIN JOHNSON,                                                                  Plaintiff,
v.              Case No. 3:24-CV-00080-HEH
VIRGINIA DEPARTMENT OF CORRECTIONS, et al.,        Defendants.

PLAINTIFF'S MOTION AND REQUEST FOR EMERGENCY
HEARING ON DEFENDANTS' BREACH OF SETTLEMENT
AGREEMENT

Plaintiff pro se hereby moves this court for an emergency hearing before the Magistrate Judge assigned to preside over enforcement of the December 4, 2024 Settlement Agreement herein to find defendants and defense counsels in substantial breach thereof, and to enable him to contest and move to set aside the said Settlement Agreement as procured by duress, coercion and undue influence, because:

1. On May 1, 2025 plaintiff was transferred to the South Carolina Department of Corrections (SCDC) based upon the December 4, 2024 Settlement Agreement and Virginia Interstate Corrections Compact (ICC) (viz, Va. Code § 53.1-216) which ICC was incorporated into the said agreement. The conditions under which plaintiff has been held in SCDC have been in substantial breach of the Settlement and ICC, and plaintiff believes he was transferred to SCDC when he was because only days before he'd made known to both defense counsels and his own counsels of record that he was in the process of seeking to set aside the said Settlement Agreement because he was pressured into signing it and did so under duress and undue influence, where it was made clear to him that his life and safety were in imminent danger if he did not sign it. He then, however, told his attorneys of record repeatedly to not submit and to withdraw the Settlement Agreement, both on December 4, 2024 at court and later that day by phone, and

over and over thereafter. He also asked them repeatedly before the motion was ever ruled on, to withdraw the joint motion to voluntarily dismiss this case based upon the Settlement Agreement. His attorneys repeatedly refused to honor these requests. His transfer to SCDC and treatment in SCDC appear to be calculated to obstruct his known intentions to move to challenge the Settlement Agreement.

2. Since being in SCDC plaintiff has been denied all of his legal property including the record of this case, needed to prepare and file the motion to set-aside the Settlement Agreement. He has been denied the ability to call his attorneys of record and cannot write them because he doesn't have their addresses due to denial of his legal property. In SCDC he has been placed in solitary confinement and banned from use of the telephone and electronic messages by SCDC officials in stated retaliation for writing an article about his transfer and treatment in SCDC, and to prevent him from litigating – they also disabled his ability to access and use the westlaw legal research system which is available to all others confined in SCDC, including those in solitary confinement. In SCDC he is also banned from legal calls with any but one attorney, and before such calls are permitted the attorney must initiate the call, provide their credentials, and be actively representing him in <u>pending</u> legal proceedings. These criteria also prevent plaintiff from communicating with his counsel of record because he cannot convey to them how to set up a call and they are not representing him in a pending case.

3. Plaintiff <u>has</u> sent third party messages to counsel of record Miriam Nemeth to try to arrange such calls with her and co-counsel which she has failed to do. The conditions of SCDC custody substantially breach the Settlement Agreement in denying and preventing his very ability to confer with his counsel of record thus preventing him from communicating to them his treatment and their ability to determine if/when there has

- 2 -

been breaches and to seek enforcement of thereof.

4. The Settlement Agreement has and continues to be breached in direct violation of the explicit and mandatory terms of the Virginia ICC laws and policies incorporated into the Agreement. Va. Code § 53.1-216 (Article IV) specifically requires that Va officials ensure that plaintiff be afforded the same legal rights as he would have if still confined in Virginia's institutions. The provision states specifically:

> "The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state." Id.

However, the fact of plaintiff's SCDC has been used to strip him of every legal right he had in Va Department of Corrections' (VDOC) custody, including, as already pointed out, the right to communicate with his counsel, to prepare and file motions herein, to access to and use of his property without notice or hearing, to attorney-client privilege, etc. All rights protected by the Va. Constitution's Bill of Rights. And all with the knowledge and involvement of defense counsels. In SCDC custody he cannot write articles critical of SCDC practices nor communicate with the media at all and has been threatened and punished for doing so. In fact he was thrown into solitary confinement immediately upon transfer to SCDC, although he was previously housed in general population at VDOC's Keen Mountain Correctional Center, as a threat and warning against litigating against, publicizing and writing about conditions in SCDC. In SCDC's solitary confinement unit (euphemistically called Restrictive Housing Unit [RHU]), he receives no opportunities for out of cell exercise at all, in violation of his rights under Va. Code § 53.1-39.2 which entitles Virginia inmates to no less than four hours out of cell congregate activities daily in RHU, etc.

5. Also, because he wrote an article critical of

- 3 -

his transfer and treatment in SCDC, he was confronted and threatened on May 20, 2025 with physical harm and to have all of his lines of communications cut off by a SCDC "Special Agent" Fergeli (phonetic spelling). Subsequently, based upon these threats his access to the phone and to send out mail & electronic messages was cut off. He never misused the phone nor mail. On May 22, 2025 Plaintiff was moved to a RHU cell with a sign on the cell door stating:

"The inmate confined to this cell is currently on phone/tablet restriction until further notice. Any questions or concerns should be directed to Captain Blakeley."

Based upon this, Plaintiff cannot communicate with anyone but the Courts. He can't write nor call his counsel of record in this case. He cannot communicate with loved ones nor the media. In fact a journalist Phil Wilayto, editor of the Virginia Defender newspaper contacted the SCDC on May 26, 2025 to arrange an interview with Plaintiff and was told plaintiff cannot speak with the media. This and the aforesaid conditions in SCDC violate plaintiff's Virginia-based rights, constitutional and statutory, including under Article 1 §§ 11, 12 and etc Va Constitution, which are self-enforcing and must be upheld. Layla H. v. Commonwealth, 81 Va. App. 1169 (2024).

6. Plaintiff is compelled to file this motion pro se because he is not able to communicate with his counsel of record and conflicts of interest with said counsels who have repeatedly ignored and refused to honor his requests and interests in this case which procured the Settlement Agreement.

Plaintiff swears to the truth of the foregoing under penalty of perjury.

THEREFORE, this court should conduct an immediate hearing on the matter of substantial breach of the settlement Agreement herein by defendants and defence counsel, order such compliance as upholds plaintiffs' rights under Icc and enables him to pursue his anticipated challenges to the Settlement or return him to his confinement as he was in VDOC's Keen Mountain Correctional Center and any further relief deemed fair and just.

Respectfully submitted,

_____
Plaintiff pro se

Reply to: Kevin Johnson, No. ~~~~~~~~~ 1007485
~~~~~~~~~~~~~~~~~~~~~~~
~~~~~~~~~~~~~~~
~~~~~~~~~~~~~~~
VDOC Centralized Mail Distribution Center
3521 Woods Way, State Farm, VA 23160

CERTIFICATE

I hereby certify having mailed a true copy of this document to Clerk, U.S. District Court, E. District of Va., 701 E. Broad St., Richmond, Va. 23219 and copy to all counsels of record by placing said document into care of custodial officials for mailing postage prepaid on this 27th day of May, 2025 to said entity.

_____