IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| KEVIN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:24cv00080-HEH |
| ) | |
| VIRGINIA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' REPLY IN OPPOSITION TO PLAINTIFF'S
MOTION AND REQUEST FOR EMERGENCY HEARING (ECF 98)

Defendants Blaha, Bowles, Cabell, Creech, Dotson, Hall, McCoy, Monihan, Robinson, Smith, Trent, the Virginia Department of Corrections, Wallace, and White state in opposition to Plaintiff's "Motion and Request for an Emergency Hearing on Defendants' Breach of Settlement Agreement" (ECF 98):

Background

Plaintiff Kevin Johnson, a Virginia inmate represented by counsel, initiated this civil rights action on February 5, 2024, against VDOC and 13 individual defendants. He sought monetary and injunctive relief including an order that he be transferred from Red Onion State Prison to a prison in VDOC's Eastern or Central Region. On December 4, 2024, the parties participated in a continued mediation conference with Judge Colombell and reached a settlement of all claims in this matter. On December 5, 2024, Plaintiff, through his counsel, filed the fully executed settlement agreement ("Settlement Agreement"). (ECF 87-1).

On June 2, 2025, Plaintiff filed, *pro se*, a "Motion and Request for an Emergency Hearing on Defendants' Breach of Settlement Agreement." (ECF 98). In the motion, Johnson stated that he had been transferred to the South Carolina Department of Corrections ("SCDC") "based upon" the Settlement Agreement and the Interstate Corrections Compact ("ICC"). He contended that his rights, while housed at SCDC, were violated. As relief, Johnson requested the Court to conduct a hearing "to find defendants and defense counsels in substantial breach" of the Settlement Agreement, order Defendants to uphold his "rights under the ICC," or order his transfer from SCDC to VADOC's Keen Mountain Correctional Center. (ECF 98 pp.1, 5).

## ARGUMENT

Johnson's motion should be denied.

As the Court noted in denying Johnson's *pro se* Motion/Petition for Contempt (ECF 93), "'[a] district court has no obligation to entertain *pro se* motions filed by a represented party.'" (ECF 96 p.2) (quoting *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) (italics added by this Court); (citing *United States v. Hammond*, 821 F. App'x 203, 2027 (4th Cir. 2020)). Johnson is represented by three attorneys, a law firm, and Rights Behind Bars, yet he filed his motion *pro se*. For this reason alone, Johnson's motion may be denied.

Moreover, Johnson's motion lacks merit. Although Johnson argues that defendants and their counsel have breached the Settlement Agreement, he has not identified any term that has been violated. His argument that his rights under the ICC have been breached is unavailing. Contrary to Johnson's contention, the ICC was not incorporated into the Settlement Agreement. *See* Settlement Agreement (ECF 87-1). Defendants have not breached the Settlement Agreement. Johnson's motion should be denied.

Conclusion

For these reasons, Johnson's motion should be denied.

Respectfully submitted,

/s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-786-2912; Fax: -4239
E-mail: pwallace@oag.state.va.us
*(Counsel for Defendants)*

CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel for Plaintiff.

s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General
