**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

KEVIN JOHNSON,
    Plaintiff,

        v.                        Civil Action No. 3:24-cv-00080 (HEH)

VIRGINIA DEPARTMENT
OF CORRECTIONS, *et al.*,
    Defendants.

**ORDER**

    This matter comes before the Court on Plaintiff's Motion for Hearing and Request for Emergency Hearing on Defendant's Breach of Settlement Agreement, filed on June 2, 2025. (ECF No. 98 (the "Motion").) In the Motion, Plaintiff asserts that the conditions at his place of incarceration within the South Carolina Department of Corrections are in "substantial breach of the settlement" reached by the parties on December 4, 2024, and that he "is not able to communicate with his counsel of record[.]" (ECF No. 98 at 1, 4.)

    On June 4, 2025, Defendants Matthew Blaha, Kemsy Bowles, Beth Cabell, E. Creech, Chadwick S. Dotson, Johnny Hall, Kevin McCoy, J. Monihan, A. David Robinson, Smith, D. Trent, Virginia Department of Corrections, Brooks Wallace, and Rick White (collectively, "Defendants") filed a Memorandum in Opposition to the Motion. (ECF No. 99.) In their Response, Defendants argue that the Motion should be denied for two reasons. First, they argue that Plaintiff improperly filed the Motion *pro se* because he is currently represented by counsel. (ECF No. 99 at 2.) Second, Defendants maintain that Plaintiff fails to identify the particular term of the settlement agreement that he claims has been violated. (ECF No. 99 at 2.)

    The undersigned notes that Plaintiff is represented by counsel, but has filed the Motion *pro se*. This Court previously addressed this issue in its Memorandum Order Denying Motion for Contempt (ECF No. 96). In that Order, Senior United States District Judge Henry E. Hudson noted

that Plaintiff "has been represented by counsel throughout the entire case and '[a] district court has no obligation to entertain *pro se* motions filed by a represented party.'" (ECF No. 96 at 2-3 (citations omitted).) The Court explained that "[t]his alone warrant[ed] denying Plaintiff's *pro se* Motion . . . ." (ECF No. 96.)

Here, counsel for Plaintiff filed a Stipulation of Dismissal on December 5, 2024 (ECF No. 88), and the Court granted it on December 20, 2024. (ECF No. 97.) The Court Ordered the action dismissed with prejudice and closed the case. (ECF No. 97.) Because the case has been closed since December 20, 2024, and Plaintiff alleges that he has been unable to contact counsel of record, the undersigned ORDERS counsel for Plaintiff to file, **not later than June 11, 2025**, a notice certifying whether Plaintiff continues to be represented by counsel.

The Clerk is directed to send a copy of this Order to all counsel of record and to Plaintiff at his current place of incarceration.

It is so ORDERED.

                                                              /s/ MRC
                                                  Mark R. Colombell
                                                  United States Magistrate Judge

Richmond, Virginia
Date: June 4, 2025