IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| KEVIN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:24cv00080-HEH |
| ) | |
| VIRGINIA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL PRODUCTION (ECF 102)

Defendants Blaha, Bowles, Cabell, Creech, Dotson, Hall, McCoy, Monihan, Robinson, Smith, Trent, the Virginia Department of Corrections, Wallace, and White state in opposition to Plaintiff's motion to compel production and request (ECF 102):

Background

On December 4, 2024, the parties reached a settlement of all claims in this matter. On December 5, 2024, Plaintiff, through counsel, filed the settlement agreement. (ECF 87-1). On December 5, 2024, Plaintiff also filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF 88). The stipulation stated that the parties had agreed "that pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), this Court will explicitly reserve jurisdiction to enforce the terms of the parties' settlement." (ECF 88). On December 20, 2024, the Court dismissed this action with prejudice but retained jurisdiction "for the sole purpose of enforcing the terms of the settlement agreement pursuant to *Kokkonen*." (ECF 97).

On May 1, 2025, pursuant to the settlement agreement, Plaintiff was transferred to South Carolina where he is currently housed. (ECF 98 p.1).

On June 2, 2025, Plaintiff, proceeding *pro se*, moved "for an emergency hearing. . . to enable him to contest and move to set aside the said Settlement Agreement as procured by duress, coercion, and undue influence." (ECF 98 p.1). In support of his motion, Plaintiff stated that he told his attorneys on December 4, 2024, "repeatedly to not submit and to withdraw the Settlement Agreement," while at the courthouse during the mediation conference and later that day by phone. (ECF 98 pp.1-2). Plaintiff stated that he had been transferred to the South Carolina Department of Corrections ("SCDC") "based upon" the Settlement Agreement and the Interstate Corrections Compact ("ICC"). Plaintiff claimed that the timing of his transfer to SCDC was determined by his having recently advised "his own counsel" and Defendants' counsel "that he was in the process of seeking to set aside the said Settlement Agreement." (ECF 98 p.1). Plaintiff falsely contended that the ICC "was incorporated into" the settlement agreement. (ECF 98 p.1). As relief, Plaintiff requested the Court to conduct a hearing "to find defendants and defense counsels in substantial breach" of the settlement agreement, order Defendants to uphold his "rights under the ICC" (even though Plaintiff is now housed in South Carolina), or order his transfer from SCDC to VADOC's Keen Mountain Correctional Center. (ECF 98 pp.1, 5).

On June 4, 2025, the Court ordered Plaintiff's counsel to certify whether he continued to be represented by counsel. (ECF 100). On June 5, 2025, Plaintiff's counsel certified "that they do not represent the Plaintiff in this matter anymore." (ECF 101).

On June 25, 2025, Plaintiff moved to compel production of documents and things. (ECF 102). In the motion, Plaintiff claimed that he had served Defendants' counsel a request for

2

"production of all of his property, and legal property, which he was compelled to leave in Virginia upon a transfer to South Carolina," as well as "all exchanges and agreements by and between defense counsel's office, and/or Virginia and South Carolina officials concerning plaintiff's transfer to South Carolina and his treatment and conditions there." (ECF 102 p.1). Plaintiff claimed that he sought the discovery for the purpose of "enforcing and [sic] setting aside the December 4, 2024, Settlement Agreement." (ECF 102 p.1).

## ARGUMENT

"Federal courts are courts of limited jurisdiction. *Kokkonen*, 511 U.S. at 377. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). After an action has been dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii), "federal courts lack jurisdiction unless (1) an independent jurisdictional ground exists or (2) the exercise of ancillary jurisdiction is appropriate." *New Cingular Wireless PCS, LLC v. Spotsylvania County*, No. 3:12cv351, 2014 U.S. Dist. LEXIS 86657, at *6 (E.D. Va. June 24, 2014). Ancillary jurisdiction is permitted where it serves one of two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80 (citations omitted). Neither of these purposes, however, supports an assertion of jurisdiction to enforce the terms of an agreement that resolved the underlying action; enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit." *Id.* at 378 (observing that "[n]either [Rule 41(a)(1)(A)(ii)] nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation"). Unless—and only to the extent that—a court has

3

expressly included or incorporated a provision retaining jurisdiction, it lacks jurisdiction to enforce a settlement agreement. *See id.*[1]

Here, the Court retained jurisdiction "for the sole purpose of enforcing the terms of the settlement agreement pursuant to *Kokkonen*." (ECF 97).  This limited retention of jurisdiction does not extend as broadly as Plaintiff would like.  In an effort to evade the jurisdictional strictures, Plaintiff claims that he is seeking to enforce the terms of the settlement agreement. His motions, however, expressly and inherently seek to set aside the agreement, not to enforce it. Plaintiff explains in his motion for an emergency hearing that he claims to need a hearing "to enable him to contest and move to set aside the said Settlement Agreement." (ECF 98 p.1).  As relief, Plaintiff does not request an order compelling compliance with any term of the agreement. Rather, he seeks an order to compel Defendants—who have no control over SCDC—to uphold his rights under the ICC while he is housed in South Carolina or to compel his transfer from SCDC to VADOC's Keen Mountain Correctional Center. (ECF 98 pp.1, 5).  Neither the ICC nor a transfer from SCDC to Keen Mountain is a term of the settlement agreement. Because Plaintiff seeks relief other than enforcement of the settlement agreement, his claims fall outside the Court's jurisdiction in this matter.  Accordingly, his motion to compel, as well as his motion for an emergency hearing, should be denied.

---

[1] Plaintiff incorrectly argues that the court "always has jurisdiction to enforce or set aside a Settlement Agreement." (ECF 102 p.2) (citing *Hensley v. Alcon*, 277 F.3d 535 (4th Cir. 2002); *Milner v. Norfolk*, 643 F.2d 1005 (4th Cir. 1981); *Ozyagcilar v. Davis*, 701 F.2d 306 (4th Cir. 1983).  None of these cases stands for Plaintiff's proposition.  In both *Hensley* and *Ozyagcilar*, the Fourth Circuit found jurisdiction existed prior to entry of a final order of dismissal.  The issue before the Court in *Milner* was whether a plaintiff was entitled to a jury determination on the affirmative defense that the claim was barred by a settlement agreement.  Here, the Court entered a final order of dismissal on December 20, 2024, and the parties are not disputing the existence of a fully executed settlement agreement.

4

To the extent, if any, that Plaintiff seeks relief and concomitant discovery under Rule 60(b), his claim is not only stale but also baseless. "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1) Although, as Plaintiff admits, he repeatedly told his attorneys on December 4, 2024, not to submit and to withdraw the settlement agreement, he waited six months to raise these allegations to the Court. In the meantime, in accordance with its obligations under the settlement agreement, VADOC sent a Request to Proposed Receiving State for Approval of Compact Transfer to Oregon and then to Washington, Maryland, and South Carolina, in that order. After Washington and Maryland denied VADOC's request, South Carolina granted it, and Plaintiff was moved to South Carolina. As Plaintiff's own words show, he had full knowledge on December 4, 2024, of the contentions he makes six months later, and VADOC acted in reliance on Plaintiff's executed agreement. Under these circumstances, a Rule 60(b) motion is untimely. Further, Plaintiff has not argued that any of the grounds for relief specified in Rule 60(b) obtains here. At most, Plaintiff claims that the agreement must be set aside "because he was pressured into signing it and did so under duress and undue influence, where it was made clear to him that his life and safety were in imminent danger if he did not sign it," presumably by his own attorneys who were with him during the mediation conference. (ECF 98 p.1). This allegation, however, does not support any of the reasons enumerated in Rule 60(b) for relieving Plaintiff of its final order. Plaintiff is not entitled to relief under Rule 60(b) nor to the discovery he seeks under the guise of purporting to challenge the settlement agreement. His motion to compel should be denied.

Plaintiff is not entitled to an order compelling production for additional reasons. Neither defendants nor their counsel received the discovery request in the first instance. Moreover, as Plaintiff knows, South Carolina will not allow Plaintiff to have his forty-six boxes of property or

otherwise store that property for him. Plaintiff's request is further flawed because it seeks production of documents that are not relevant to any claim or defense in this action, and the production sought is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The discovery sought does not relate to the underlying claims (which were resolved through the agreement), to VADOC's compliance with the agreement, or to Plaintiff's belated claim of duress and undue influence during the mediation conference. The discovery is unreasonable and unduly burdensome and expensive. Plaintiff's possession of the lion's share of the requested documents, in fact, is prohibited by SCDC's property procedures. The discovery appears to have been interposed solely for the improper purposes of seeking to prolong this litigation, increasing the burdens on VADOC and this Court, and obtaining confidential and privileged communications. For these additional reasons, Plaintiff's motion should be denied.

## Conclusion

For these reasons, Johnson's motion should be denied.

Respectfully submitted,

/s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-786-2912; Fax: -4239
E-mail: pwallace@oag.state.va.us
*(Counsel for Defendants)*

CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2025, the foregoing will be served by U.S. Mail on

Plaintiff:

Kevin Johnson #397279
Perry Correctional Institution
430 Oaklawn Road
Pelzer, SC 29669

s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General