IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



KEVIN JOHNSON,  Plaintiff,
v.   Case No. 3:24-cv-00080 (HEH)
VIRGINIA DEPARTMENT OF CORRECTIONS, et al.,  Defendants.

PLAINTIFF'S ADDED AND AMENDED GROUNDS IN
SUPPORT OF MOTION FOR HEARING

Plaintiff pro se hereby adds and corrects arguments and grounds in support of his Motion for Hearing, as follows:

1. On or about June 2, 2025 Plaintiff's Motion for Hearing and Request for Emergency Hearing on Defendants' Breach of Settlement Agreement was filed in this case. (ECF # 98)(hereinafter "MFH"). Plaintiff incorporates the verified facts of the MFH herein by reference.

2. Subsequently plaintiff received an order from the court directing his attorneys of record to inform the court by June 11, 2025 whether they still represented plaintiff. (ECF #100). Plaintiff never received copy of these attorneys' reply to ECF #100, but on information and belief these attorneys apparently notified the court that they no longer represent plaintiff. Also, in ECF #100, the court indicated that the defendants had filed a response to the MFH (ECF #99). Plaintiff never received a copy of ECF #99 either. Thus, although all parties and counsels past and present know plaintiff is now proceeding pro se, he has not been given the benefit of any notice of relevant filings herein. This on top of defendants and defense counsels denying him access to and use of all of his legal property including the file

of this case.

3. In plaintiff's MFH, he erroneously sought to enforce the ~~SA~~ December 4, 2024 Settlement Agreement (hereinafter "SA"), whereas because, as he set out in his verified MFH, he did not authorize his attorneys of record to submit the SA to the court nor consent to the voluntary dismissal of this case, and because he signed the SA under the threat of imminent danger to his life and safety, see also his prior Motion for Contempt (the facts and requests for relief incorporated by reference), he was under duress, in which case the SA must be invalidated, vacated as void and a hearing conducted herein including under 28 U.S.C. § 1651, for his unlawful remand to illegal custody. See, Milner v. Norfolk, 643 F.2d 1005, 1009 (4th Cir. 1981)("where there is a question "about the existence of a settlement agreement or the authority of an attorney to enter a settlement agreement on behalf of his client, the trial court must, of course, conduct a plenary hearing...") ~~[struck]~~ In which case, a court cannot enforce such a SA by summary proceedings, since the SA is invalid. Also, in that a court is bound by the rules of contracts in addressing and resolving SA's, motions addressed to them "draw upon standard contract principles." Bradley v. Am. Households, 378 F.3d 373, 380 (4th Cir. 2004). ~~[struck]~~ Not only does the lack of authority to allow his attorneys of record to file the SA render it invalid, but so too does plaintiff's signing it under duress. Duress is a species of fraud for which contracts must be ~~[struck]~~ invalidated. Under duress there is no real consent. Immediacy is the hallmark of duress. Montella v. Comm., 2023 WL 3061976 *11 (Richmond City, VA. 2023).

- 2 -

THEREFORE, this court should conduct a prompt hearing and vacate the SA as invalid and grant plaintiff such further relief in aid of its jurisdiction as it finds just and fair including discharge.

Respectfully submitted,

_____
Plaintiff pro se.

Reply to: Kevin Johnson, No. 397279
Perry Correctional Institution
430 Oaklawn Rd.
Pelzer, SC 29669

-3-