IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| KEVIN JOHNSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 3:24cv00080-HEH |
| | ) |
| VIRGINIA DEPARTMENT OF | ) |
| CORRECTIONS, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

DEFENDANTS' REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUBPOENA TO TESTIFY (ECF 105)

Defendants Blaha, Bowles, Cabell, Creech, Dotson, Hall, McCoy, Monihan, Robinson, Smith, Trent, the Virginia Department of Corrections, Wallace, and White state in opposition to Plaintiff's "Request for Habeas Corpus Ad Testificandum" (ECF 105):

Background

On December 4, 2024, the parties reached a settlement of all claims in this matter. On December 5, 2024, Plaintiff, through counsel, filed the settlement agreement. (ECF 87-1). On December 5, 2024, Plaintiff also filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF 88). The stipulation stated that the parties had agreed "that pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), this Court will explicitly reserve jurisdiction to enforce the terms of the parties' settlement." (ECF 88). On December 20, 2024, the Court dismissed this action with prejudice but retained jurisdiction "for the sole purpose of enforcing the terms of the settlement agreement pursuant to *Kokkonen*." (ECF 97).

Six months later—and only after Plaintiff had been transferred out-of-state in accordance with the Settlement Agreement—Plaintiff, proceeding *pro se*, contends that he signed the Settlement Agreement under duress. (ECF 98 p.1). Plaintiff more recently claims that his attorneys, the Krudys Law Firm and Rights Behind Bars, lacked the authority to file the agreement. (ECF 104 p.3). On July 17, 2025, Johnson also retracted his request to enforce the Settlement Agreement. (ECF 104 p.3).

## ARGUMENT

For the following reasons, the Court should deny Johnson's "Request for Habeas Corpus Ad Testificandum."

### I.

### Johnson Admits that He Is Not Seeking to Enforce the Agreement: The Court Lacks Jurisdiction

After an action has been dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii), "federal courts lack jurisdiction unless (1) an independent jurisdictional ground exists or (2) the exercise of ancillary jurisdiction is appropriate." *New Cingular Wireless PCS, LLC v. Spotsylvania County*, No. 3:12cv351, 2014 U.S. Dist. LEXIS 86657, at *6 (E.D. Va. June 24, 2014). Here, the Court retained jurisdiction "for the sole purpose of enforcing the terms of the settlement agreement pursuant to *Kokkonen*." (ECF 97). On July 17, 2025, Johnson admitted that he does not seek to enforce the terms of the settlement agreement. Accordingly, the Court lacks jurisdiction over his claim. Because the Court does not have jurisdiction over Johnson's new claim, it should not conduct a hearing.

### II.

### The Commonwealth Should Not Be Compelled to Transport Johnson

Even were the Court to take jurisdiction over Johnson's new claim, Johnson may

nonetheless appear via videoconference. Johnson has appeared in court via videoconference two times since his transfer to South Carolina on May 1, 2025. Specifically, Johnson appeared on May 5, 2025, and July 21, 2025, before the Circuit Court of Wise County to argue that his 1990 and 1991 convictions in the Richmond Circuit Court were obtained through fraud and that the Wise Circuit Court wrongfully "remanded" him to custody following hearings in cases brought before it. *See Johnson v. Warden, Red Onion State Prison*, No. CL24-1338. Johnson's appearances before the Wise Circuit Court demonstrate that there is no impediment to his appearing before this Court via videoconference.

Transporting Johnson from South Carolina to Richmond and back would impose unnecessary burdens on the Commonwealth and pointlessly risk the safety of security officers, the public, and others. As this Court knows, Johnson is a high-security prisoner, requiring close monitoring by several security officers at all times during transportation and while in court. Johnson has demonstrated his ability to obtain and possess contraband, including a weapon, a cell phone, and a jailbroken JP6 player, while housed in facilities close to Richmond. (ECF 13-2; 68-2; 68-8).[1] Moreover, Johnson waited until after he was transferred to South Carolina and six months after he signed the Settlement Agreement to assert his claim that he signed it under

---

[1] Johnson's own words demonstrate his threat to fellow prisoners, security officers, and others: "The pigs [correctional offices] could never stop me from procuring weapons, even though they'd build special cells to house me in. I'd simply disassemble them and procure and hide more weapons. They'd search the cell anytime I came out, yet could find nothing." Kevin "Rashid" Johnson, DEFYING THE TOMB (Rising Sun Press 2010), at 41. He admittedly (and coldly) described his use of a concealed weapon on a fellow prisoner: "I came out of the handcuffs, pulled out a concealed weapon, ran this [fellow prisoner] down, and pushed holes through his neck and upper body. Once done with him, I walked . . . back to my cell. When the cell door was quickly locked, I removed and flushed the cloth handle, washed the blade, broke the point of the blade off (wrapped in a wad of toilet paper and flushed it also), and threw the remaining piece of benign metal outside of the cell. I then took the curtain down which I'd put up to prevent view of my activities." *Id.* at 42.

duress. Given the substantial threat that Johnson presents if transported and his delay in asserting a claim that he admittedly has known about since December 4, 2024, the Commonwealth should not be required to transport him from South Carolina.

## Conclusion

For these reasons, Johnson's "Request for Habeas Corpus Ad Testificandum" should be denied.

Respectfully submitted,

/s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-786-2912; Fax: -4239
E-mail: pwallace@oag.state.va.us
*(Counsel for Defendants)*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, the foregoing will be served by U.S. Mail on Plaintiff:

Kevin Johnson #397279
Perry Correctional Institution
430 Oaklawn Road
Pelzer, SC 29669

s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General