IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEVIN JOHNSON,                                              Plaintiff,
v.        Case No. 3:24-cv-00080-HEH
VIRGINIA DEPARTMENT OF CORRECTIONS, et al.,                 Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL
PRODUCTION (ECF 103)

Plaintiff pro se hereby responds to and opposes Defendants' Reply in Opposition to Plaintiff's Motion to Compel Production (ECF 103), because:

1. On June 2, 2025 Plaintiff's Motion and Request for Emergency hearing on Defendants' Breach of Settlement Agreement (ECF 98) was filed. As he explained therein, all of his legal property, including his file of this case, work product, research materials, etc., is being withheld from him by the defendants, Virginia Department of Corrections (VDOC), etc. And he needs his legal property to fully and fairly contest the Settlement Agreement (SA) herein, which he did not willingly submit or sign and opposed his attorneys of record submitting to the court. Plaintiff submitted his discovery requests to the defendants and wrote defense counsel seeking to resolve any disputes over his requests without court involvement, which went ignored. This constituted a waiver of objections. See his Motion to Compel (ECF 102)

2. Defendants now contend that plaintiff's discovery should be denied because he invoked the court's jurisdiction to enforce or set aside the SA as "inherent" rather than ancillary jurisdiction, that the Virginia statute governing his Interstate Corrections Compact (ICC) transfer to South Carolina Department of Corrections (SCDC) and other Virginia laws were not incorporated into the SA, and because the VDOC supposedly has no control over SCDC in its treatment of plaintiff. All of these arguments are specious and facially false.

3. Foremost, defendants concede that this court has ancillary jurisdiction under Kokkonen v. Guardian Life Ins., 511 U.S. 375 (1994) to enforce the SA, which jurisdiction was preserved in this court's dismissal order entered on December 20, 2024 (ECF 97). But then contend that ancillary jurisdiction does not allow a court to set aside a SA. This is bogus. The Fourth Circuit Appeals court has expressly held that

district courts may enforce a settlement agreement and furthermore, if the validity of the settlement agreement is subject to question, it may set it aside after a plenary hearing. See, the 2024 Fourth Circuit ruling of <u>Smith-Phifer v. City of Charlotte</u>, 118 F. 4th 598 (4th Cir. 2024). Because of the denial of his property by defendants plaintiff cannot fully and ~~fairly~~ present his claim to set the SA aside at a plenary hearing nor otherwise, so he is confined to now seeking the return of his property, particularly a ~~personal~~ restoration of the status quo, i.e. a return to VDOC custody at Keen Mountain Correctional Center (KMCC) where he had his property, if he cannot possess and use it in SCDC.

4. In any case, where a settlement agreement has been breached, two remedies are available, a suit to set the settlement agreement aside or a <u>F.R.Civ.P.</u> 60(b) motion. <u>See, Trustees v. Clabbers</u>, 2010 WL 2732241 *4 (D. Md. 2010). Plaintiff clearly has grounds for a Rule 60(b) relief, but cannot fully and fairly present such entitlement without his needed property which he'd require upon this case being reopened and restored to the court's active docket. And such a motion is by no means dilatory. Especially where, not only was plaintiff, this court and defense counsel under the impression that plaintiff's counsels of record were still representing him until well after his May 1, 2025 transfer to SCDC, see ECF 100 ordering said counsel to inform the court whether they still represented plaintiff, but plaintiff persisted up until well after his SCDC transfer to try and contact said counsel concerning setting ~~aside~~ aside and/or enforcing the SA, (see ECF 98) and this court made clear that so long as he was represented by counsel it would not entertain pro se motions from him, which defendants and this court pointed out in ECF's 99 at 2 and 100. Therefore ~~such~~ Rule 60(b) invocation was not dilatory.

5. As for defendants' claims that the ICC law and other Virginia laws were not incorporated into the SA. This is false on its face. At ππ 2 and 6 of the SA the ICC statute, Va. Code § 53.1-216 and Virginia laws are specifically invoked as the ~~~~ authorities upon which the SA "shall be interpreted, construed and enforced...." Also, as set out in plaintiff's Motion for Contempt filed herewith, the SA is a contract under Virginia law and as such Virginia's laws are inherently part of the agreement. As plaintiff's brief in support of said Motion for Contempt makes clear, § 53.1-

216,(Article IV (a)) explicitly creates an agent/principal relationship between VDOC and SCDC which gives the VDOC, as the pricipal, complete power of control, over its agent the SCDC in plaintiff's treatment and conditions in SCDC. This statute further assures plaintiff all the same legal rights in SCDC custody that he had and would have if still confined in VDOC custody, see § 53.1-216,(Article IV (e)). This certainly includes his property rights which are also protected by Va. Constitution Art. 1 § 11's due process and just compensation clauses. Not to mention his court access, free speech and press and other rights that attach to his media, correspondence, publications and other property which are also protected under the state constitution. Again, the SA bases itself on Virginia laws at ¶6. So the very fact of the denial of plaintiff's property in SCDC is a material breach of the SA and it is outright dishonest that defendants claim the VDOC has no control over its agent, the SCDC. The only area in which the VDOC lacks control over SCDC is, as stated in ¶2 of the SA, if the SCDC decided to return plaintiff to VDOC custody. Only in this area is it understood that the VDOC can make no guarantees nor control the SCDC in relation to plaintiff's confinement in the SCDC.

Plaintiff's Motion to Compel Production should be granted and/or he should be ordered returned to VDOC custody at KMCC where he may access and use his needed property.

Respectfully submitted,

_____
Plaintiff pro se

Reply to: Kevin Johnson, No. 397279
Perry Correctional Institution
430 Oaklawn Rd.
Pelzer, SC 29669

---

1. See also, Columbus v. Atlantic, 203 F.3d 291, 298-99 (4th Cir. 2000).
2. "[R]esolution of a motion to enforce a settlement agreement draws on standard contract principles...." Hensley v. Alcon, 277 F.3d 535, 540 (4th Cir. 2002).
3. "While courts will not rewrite a clear and unambiguous contract between parties ~~enterperising persons~~ sui juris, a court is bound to follow the plain meaning of a statute." Blake v. Upper Occoquan, 266 Va. 564, 575 (2003).

- 3 -

## CERTIFICATE

I hereby certify under penalty of perjury that I did send true copies of the foregoing Notice of Withdrawal of Plaintiff's Added and Amended Grounds in Support of Motion for Hearing, Plaintiff's Supplemental Motion to Enforce Settlement Agreement, and Plaintiff's Response to Defendants' Reply in opposition to Plaintiff's Motion to Compel Production by placing these documents into care of custodial officials for mailing postage prepaid on this 27th day of July 2025 to Clerk, U.S. District Court, 701 E. Broad St., Richmond, VA 23219 and notice to counsels.

_____
Plaintiff pro se