IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KEVIN JOHNSON,                           )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Civil Action No. 3:24cv00080-HEH
                                         )
VIRGINIA DEPARTMENT OF                   )
CORRECTIONS, *et al.*,                   )
                                         )
        Defendants.                      )
_____/

DEFENDANTS' REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CONTEMPT (ECF 107)

Defendants Blaha, Bowles, Cabell, Creech, Dotson, Hall, McCoy, Monihan, Robinson,

Smith, Trent, the Virginia Department of Corrections, Wallace, and White state in opposition to

Plaintiff's motion for contempt:

Background

On December 4, 2024, Johnson and the Virginia Department of Corrections entered a

Settlement Agreement. (ECF 87-1). In the Settlement Agreement Johnson sought transfer out of

Virginia and chose South Carolina as the fourth state to which VADOC would send a Request to

Proposed Receiving State for Approval of Compact Transfer. (ECF 87-1 p.1).

The Court did not incorporate the Settlement Agreement in its dismissal order. (ECF 97).

The Court dismissed this case with prejudice and retained jurisdiction for the sole purpose of

enforcing the terms of the Settlement Agreement. (ECF 97).

After Johnson's first three choices refused VADOC's request, South Carolina agreed to take

him. On May 1, 2025, Johnson was transferred to the South Carolina Department of Corrections.

Once the transfer had been effected, Johnson sought to set aside the Settlement Agreement (ECF 98, 102, 104) and sought to enforce the Settlement Agreement (98, 102, 109).

In the present motion, Johnson seeks to invoke the contempt powers of the Court to order VADOC to house him in Keen Mountain Correctional Center or in a facility in VADOC's eastern or central regions. (ECF 107 p.8). He also seeks an order requiring defendants, their counsel, and the named non-parties to pay him "$2000 per day that he is held in RHU," a restrictive housing unit in South Carolina. (ECF 107 p.8). Additionally, he seeks an order requiring VADOC to "return" his property, which is so voluminous as to be unacceptable to the South Carolina Department of Corrections. (ECF 107 p.8).

<u>ARGUMENT</u>

Johnson's sole basis for seeking to hold defendants, their counsel, and named non-parties in contempt of court is their alleged breach of the Settlement Agreement. (ECF 107 p.5). In support of his contempt motion, Johnson relies on the following statement in *Kokkonen v. Guardian Lif Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994):

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of that order, and ancillary jurisdiction to enforce the agreement would therefore exist.

The Settlement Agreement here was not incorporated into an order of the Court. Even if the Court found that the Settlement Agreement had been breached, such a breach would not constitute violation of a court order. Contempt proceedings are not available to Johnson for enforcing the Settlement Agreement. Johnson has not identified any court order that he contends the defendants, their counsel, or non-parties have breached. His motion must be denied.

2

<u>Conclusion</u>

Johnson's motion should be denied.

Respectfully submitted,

/s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-786-2912; Fax: -4239
E -mail:  pwallace@oag.state.va.us
*(Counsel for Defendants)*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2025, the foregoing will be served by U.S. Mail on

Plaintiff:

Kevin Johnson #397279
Perry Correctional Institution
430 Oaklawn Road
Pelzer, SC 29669

s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General