IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| KEVIN JOHNSON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:24cv00080-HEH |
| ) | |
| VIRGINIA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

DEFENDANTS' REPLY IN OPPOSITION TO "PLAINTIFF'S
SUPPLEMENTAL MOTION TO ENFORCE SETTLEMENT AGREEMENT" (ECF 108)

Defendants Blaha, Bowles, Cabell, Creech, Dotson, Hall, McCoy, Monihan, Robinson, Smith, Trent, the Virginia Department of Corrections ("VADOC"), Wallace, and White state in opposition to "Plaintiff's Supplemental Motion to Enforce Settlement Agreement" (ECF 108):

Background

Plaintiff Kevin Johnson, through counsel, initiated this action on February 5, 2024. (ECF 1). As relief, Johnson sought an order compelling VADOC to transfer him "to Sussex I State Prison or another prison in the Eastern of Central Region of Virginia." (ECF 1 p.31). Johnson filed three motions seeking a preliminary injunction requiring VADOC to house him in its eastern or central regions. (ECF 5/7, 22, 58). All three of these motions were resolved by agreement of the parties.

On December 4, 2024, Johnson and the Virginia Department of Corrections entered a Settlement Agreement. (ECF 87-1). In exchange for dismissal with prejudice of the claims in this action, VADOC agreed to seek to transfer Johnson to another state. (ECF 87-1). In order of Johnson's preference, VADOC was required to submit a Request to Proposed Receiving State for

Approval of Compact Transfer to Oregon, Washington, Maryland, and South Carolina. VADOC also agreed to an interim transfer of Johnson to Keen Mountain Correctional Center and to continue his single-cell status. (ECF 87-1 ¶¶3, 15).

On December 20, 2024, the Court dismissed this action with prejudice but retained jurisdiction "for the sole purpose of enforcing the terms of the settlement agreement pursuant to *Kokkonen*." (ECF 97).

After Johnson's first three choices refused VADOC's request, South Carolina agreed to take him. On May 1, 2025, Johnson was transferred to the South Carolina Department of Corrections. Once the transfer had been effected, Johnson sought to set aside the Settlement Agreement (ECF 98, 102, 104) and sought to enforce the Settlement Agreement (98, 102, 109).

In his present motion, Johnson seeks an order compelling VADOC to house him in a single cell in general population at Keen Mountain Correctional Center or in a facility in VADOC's eastern or central regions. (ECF 108).

ARGUMENT

The Settlement Agreement required VADOC to submit a Request to Proposed Receiving State for Approval of Compact Transfer to Oregon, Washington, Maryland, and South Carolina, and, pending his out-of-state transfer, to house Johnson at Keen Mountain Correctional Center on single-cell status. In accordance with the Settlement Agreement, VADOC submitted a Request to Proposed Receiving State for Approval of Compact Transfer to Oregon, Washington, Maryland, and South Carolina, and, pending his out-of-state transfer, housed Johnson at Keen Mountain Correctional Center on single-cell status. VADOC has performed its obligations under the Settlement Agreement.

Johnson has not identified any obligation that VADOC has not met. Rather, he seeks the

same relief that he sought in the underlying action—transfer to VADOC's eastern or central region—or expansion of VADOC's obligation to house him at Keen Mountain while he awaited transfer to another state. In other words, Johnson does not seek to enforce the Settlement Agreement. He seeks to revoke it and deprive VADOC of the benefit of its bargain.

The Court lacks jurisdiction to revoke the Settlement Agreement. After an action has been dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii), as here, "federal courts lack jurisdiction unless (1) an independent jurisdictional ground exists or (2) the exercise of ancillary jurisdiction is appropriate." *New Cingular Wireless PCS, LLC v. Spotsylvania County*, No. 3:12cv351, 2014 U.S. Dist. LEXIS 86657, at *6 (E.D. Va. June 24, 2014). Ancillary jurisdiction is permitted where it serves one of two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 378-80 (1994) (citations omitted). Neither of these purposes obtain here.

Here, the Court retained jurisdiction "for the sole purpose of enforcing the terms of the settlement agreement pursuant to *Kokkonen*." (ECF 97). Johnson has not identified terms of the Settlement Agreement that he seeks to enforce. In fact, VADOC has complied with its obligations. The Court does not have jurisdiction to set aside the Settlement Agreement and deprive VADOC of the benefit of its bargain.

Moreover, under Virginia law, "'once a competent party makes a settlement and acts affirmatively to enter into such settlement, her second thoughts at a later time upon the wisdom of the settlement do not constitute good cause for setting it aside.'" *Parker v. N.C. Agric. Fin. Auth.*, 341 B.R. 547, 553 (Bankr. E.D. Va. 2006) (quoting *Snyder-Falkinham v. Stockburger*, 249

3

Va. 376, 385 (Va. 1995)).  Further, "[a] litigant cannot later attack the integrity of the settlement on the basis of inadequate representation by the litigant's attorney.  In such cases, any remaining dispute is purely between the party and his attorney.'"  *Id.*at 554 (quoting *Petty v. The Timken Corp.*, 849 F.2d 130, 133 (4th Cir. 1988)).  Even were the Court to exercise jurisdiction, Virginia law prohibits it from setting aside the Settlement Agreement.

## Conclusion

Johnson's supplemental motion should be denied.

Respectfully submitted,

/s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-786-2912; Fax: -4239
E -mail:  pwallace@oag.state.va.us
*(Counsel for Defendants)*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, the foregoing will be served by U.S. Mail on

Plaintiff:

Kevin Johnson #397279
Perry Correctional Institution
430 Oaklawn Road
Pelzer, SC 29669

s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General