IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KEVIN JOHNSON,             )
                      )
       Plaintiff,       )
                      )
v.                    )       Civil Action No. 3:24cv00080-HEH
                      )
VIRGINIA DEPARTMENT OF    )
CORRECTIONS, *et al.*,        )
                      )
       Defendants.     )
_____/

DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND
TO PLAINTIFF'S MOTIONS OR DISCOVERY HEREAFTER SERVED

Pursuant to Rule 6(b)(1), Defendants Blaha, Bowles, Cabell, Creech, Dotson, Hall, McCoy, Monihan, Robinson, Smith, Trent, the Virginia Department of Corrections ("VADOC"), Wallace, and White move for an extension of time until 30 days after the Court determines whether it has jurisdiction over this case to respond to any motions or discovery that Plaintiff may hereafter serve unless otherwise ordered by Court.  In support of their motion, Defendants state:

<u>Background</u>

Plaintiff Kevin Johnson, through counsel, initiated this action on February 5, 2024.  (ECF 1).  As relief, Johnson sought an order compelling VADOC to transfer him "to Sussex I State Prison or another prison in the Eastern of Central Region of Virginia."  (ECF 1 p.31).  Johnson filed three motions seeking a preliminary injunction requiring VADOC to house him in its eastern or central regions.  (ECF 5/7, 22, 58).  All three of these motions were resolved by agreement of the parties.

Finally, on December 4, 2024, Johnson and the Virginia Department of Corrections entered a plenary Settlement Agreement.  (ECF 87-1).  On December 20, 2024, the Court dismissed this

action with prejudice but retained jurisdiction "for the sole purpose of enforcing the terms of the settlement agreement pursuant to *Kokkonen*."  (ECF 97).

Since the Court dismissed this action, Johnson has filed five motions challenging the Settlement Agreement or seeking to enforce it.  (ECF 98, 102, 105, 107).  On at least one occasion, Johnson sought to withdraw one of his filings.  (ECF 109).

On June 2, 2025, Johnson moved for an emergency hearing.  (ECF 98).  In support of his motion, Johnson claimed that the Settlement Agreement must be set aside "because he was pressured into signing it and did so under duress and undue influence, where it was made clear to him that his life and safety were in imminent danger if he did not sign it," presumably by his own attorneys who were the only people with him during the mediation conference.  (ECF 98 p.1).

On June 25, 2025, Johnson moved to compel production of documents and things.  (ECF 102).  In support of his motion, he stated that he "seeks to enforce and set aside [sic] the December 4, 2024, Settlement Agreement."  (ECF 102 p.2).

On July 17, 2025, Johnson filed added and amended grounds in support of his motion for hearing.  (ECF 104).  He stated that in his motion for an emergency hearing (ECF 98), "he erroneously sought to enforce the December 4, 2024, Settlement Agreement."  (ECF 104 p.3).  In his added and amended grounds, Johnson requested the Court to "vacate the [Settlement Agreement]."  (ECF 104 p.4).  On July 17, 2025, Johnson also moved for a writ of habeas corpus ad testificandum.  (ECF 105).  In the motion, he reiterated that "he did not authorize his attorneys of record to submit [the Settlement Agreement] to the Court and he signed it under duress."  (ECF 105 p.1).

On August 7, 2025, Johnson moved for contempt against Defendants, four officers or employees of the South Carolina Department of Corrections, and Defendants' counsel.  (ECF

107).  On August 7, 2025, Johnson filed a supplemental motion to enforce the Settlement

Agreement.  (ECF 108).  On August 7, 2025, Johnson filed a notice of withdrawing his added

and amended grounds in support of a hearing (ECF 104) and his request for a writ of habeas

corpus ad testificandum (ECF 105).  (ECF 109).  On August 7, 2025, Johnson replied in further

support of his motion to compel production (ECF 102).  (ECF 110).  In his reply, Johnson argued

that he needed his legal property so that he could "contest the Settlement Agreement (SA) herein,

which he did not willingly submit or sign and opposed his attorneys of record submitting to the

court."  (ECF 110 p.1).

<u>ARGUMENT</u>

Federal Rule of Civil Procedure 6(b)(1)(A) authorizes the Court to extend the time when

an act must be done, for good cause, "with or without motion or notice if the court acts, or if a

request is made, before the original time or its extension expires."  Defendants are moving for an

extension of time before the original time expires.  They have timely responded to all of

Johnson's pending motions, and they now seek an extension of time only for future filings or

discovery.

There is good cause for granting Defendants' motion.  Johnson's multiple filings since

June 2, 2025, unreasonably and vexatiously multiply these proceedings, needlessly clutter the

Court's docket, and burden Defendants with having to respond.  The number and content of

Johnson's filings in this Court, especially in light of his multiple state-court claims filed since his

transfer to South Carolina,[1] indicate that Johnson is improperly using litigation to harass or

---

[1] Additionally, in an effort to burden VADOC and its attorneys, since his transfer to South
Carolina, Johnson has initiated multiple frivolous claims in state courts.  *See, e.g. Johnson v.
Commonwealth*, No. CL25-177 (Greensville Cir. Ct.) (seeking his release and an order
prohibiting "be[ing] falsely stigmatized with criminal acts); *Johnson v. Commonwealth*, No.
CL25-7232 (Chesterfield Cir. Ct.) (seeking immediate release from confinement); *Johnson v.*

otherwise burden VADOC and its counsel.  Granting Defendants' an extension of time will not prejudice Johnson.  It simply relieves the Defendants' burden, if only momentarily.  If the Court determines that it does not have jurisdiction over this case, then time spent by Defendants responding to Johnson's motions in the interim would be a waste.  If the Court determines that it does have jurisdiction over the case or if it orders Defendants to respond to a subsequent filing, then the extension of time will only delay, not deny, consideration of Johnson's subsequent pleadings.

<u>Conclusion</u>

For these reasons, the Court should grant Defendants' motion and allow them until 30 days after the Court determines whether it has jurisdiction to consider Plaintiff's motions to respond to any motions or discovery that Plaintiff may hereafter file or serve unless otherwise ordered by Court.  A proposed order is attached.

Respectfully submitted,

/s/ D. Patricia Wallace
D. Patricia Wallace, SAAG, VSB #92964
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-786-2912; Fax: -4239
E -mail:  pwallace@oag.state.va.us
*(Counsel for Defendants)*

---

*Commonwealth*, No. CL25-7675 (Chesterfield Cir. Ct.) (seeking release, transfer to Greensville Correctional Center, and revocation of the Settlement Agreement that resolved *Johnson v. VDOC*, No. 3:24cv00080 (EDVA)).  Johnson has admitted that he views litigation "as tactically useful as direct action [against prison officers] and with wider-reaching results."  Kevin "Rashid" Johnson, DEFYING THE TOMB (Rising Sun Press 2010), at 45.

CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, the foregoing will be served by U.S. Mail on

Plaintiff:

Kevin Johnson #397279
Perry Correctional Institution
430 Oaklawn Road
Pelzer, SC 29669

s/ D. Patricia Wallace
D. Patricia Wallace, VSB #92964
Assistant Attorney General